IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| ANTHONY J. ALLEGRINO II, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| FIDELITY INVESTMENTS, INC., | : No. |
| FIDELITY MANAGEMENT & RESEARCH | : |
| COMPANY, FIDELITY INVESTMENTS | : |
| INSTITUTIONAL SERVICES COMPANY, INC.,: | |
| FIDELITY INVESTMENTS INSTITUTIONAL | : |
| OPERATIONS COMPANY, INC., TEXAS | : |
| CHILDREN'S HOSPITAL, INC., TEXAS | : |
| CHILDREN'S HOSPITAL MATCH PLAN, | : |
| TEXAS CHILDREN'S HOSPITAL PENSION | : |
| PLAN, AND MELISSA A. LOCKWOOD | : |
| Defendants. | : |
| | : |

COMPLAINT FOR DECLARATORY JUDGMENT

ERISA CLAIM

1

INTRODUCTION:

1. This is an Action under the Declaratory Judgment Act, 28 USC § 2201, and the Employee Retirement Security Act of 1974, 29 USC § 1132(a)(1)(B) seeking a declaration that Defendants find Anthony J. Allegrino II the sole beneficiary of certain pension benefits payable on the death of Michael John Allegrino, Plaintiff's brother, who died December 18, 2008, and should be paid forthwith.

ADMINISTRATIVE REMEDIES:

2. Defendant Texas Children's Hospital is not returning telephone calls and no Defendant has provided information upon request or even a letter to Plaintiff Anthony J. Allegrino II regarding his Claim since filing the Claim on or before March 6, 2009 with Defendants.

3. It has been more than 90 days since I filed my ERISA Claim on or before March 6, 2009.

4. As of June 8, 2009, no payment has been made to Plaintiff for the pension benefits payable on the death of Michael John Allegrino, which claim was filed on or before March 6, 2009.

5. Defendants have not given any reason for the delay in adjudicating this Claim. The Claim in limbo and continues without any resolution in sight for

2

no legal or legitimate reason despite the fact that Plaintiff is clearly the only legal and intended recipient of the funds. Plaintiff desperately needs access to those pension benefits which are by nature emergency benefits to settle financial issues with Michael John Allegrino's affairs and otherwise.

6. Any further contact with Defendants in the administrative process would be futile.

JURISDICTION:

7. This Court has Federal Question Jurisdiction of this Case under the Employee Retirement Security Act of 1974, 29 USC § 1132(a)(1)(B).

8. This Court has Federal Question Jurisdiction of this Case under the Declaratory Judgment Act, 28 USC § 2201.

PARTIES:

9. Plaintiff Anthony J. Allegrino II is a Domiciliary of the State of California and a Resident of the State of New York.

10. Defendant Fidelity Investments is a Delaware Corporation with its principal place of business in Massachusetts.

11. Defendant Fidelity Management & Research Company is a Massachusetts Corporation with its principal place of business in Massachusetts.

3

12. Defendant Fidelity Investments Institutional Services Company is a Massachusetts Corporation with its principal place of business in Massachusetts.

13. Defendant Fidelity Investments Institutional Operations Company is a Massachusetts Corporation with its principal place of business in Massachusetts.

14. Defendant Texas Children's Hospital is a Texas Corporation with its principal place of business in the State of Texas.

15. Defendant Texas Children's Hospital Match Plan is a separate ERISA entity in Texas pursuant to 29 USC § 1132(d).

16. Defendant Texas Children's Hospital Pension Plan is a separate ERISA entity in Texas pursuant to 29 USC § 1132(d).

17. Defendant Melissa Lockwood is a Domiciliary of the State of Texas and a Resident of the State of Texas.

VENUE:

18. Venue is proper in this District because Defendant Fidelity Investments operates an investments facility location in this District.

FACTS:

19. Michael John Allegrino died on December 18, 2008.

20. Michael John Allegrino had a pension plan with Defendant Texas Children's Hospital and which plan was held at Defendant Fidelity Investments.

21. On November 3, 2006, Plaintiff had the Designation attached as Exhibit A served on Defendant Texas Children's Hospital and Defendant Fidelity Investments. A proof of service is included with Exhibit A.

22. On or about October 1, 2006, the Designation attached as Exhibit A was also served by Plaintiff on Defendant Texas Children's Hospital and Defendant Fidelity Investments.

23. On or about October 1, 2006, the Designation attached as Exhibit A was also served by Decedent, Michael John Allegrino, on Defendant Texas Children's Hospital.

24. On or about October 1, 2006, Defendant Texas Children's Hospital and Defendant Fidelity Investments accepted the Designation without objection attached as Exhibit A.

25. On February 18, 2007, Plaintiff had the designation attached as Exhibit B on Defendant Texas Children's Hospital and Defendant Fidelity Investments. A proof of service is included with Exhibit B.

26. On or about February 1, 2007, the Designation attached as Exhibit B was also served by Plaintiff on Defendant Texas Children's Hospital and Defendant Fidelity Investments.

27. On or about February 1, 2007, the Designation attached as Exhibit B was also served by Decedent, Michael John Allegrino on Defendant Texas Children's Hospital and Defendant Fidelity Investments.

28. On or about February 1, 2007, Defendant Texas Children's Hospital and Defendant Fidelity Investments accepted the Designation without objection attached as Exhibit B.

29. Defendant Texas Children's Hospital, the Plan Administrator, accepted the Designation included as Exhibit B and deemed the Designation valid pursuant to 29 USC § 1055 (c)(2)(B). To wit: The alleged spouse, Melissa A. Lockwood was deemed missing or unavailable to be located to execute the spousal waiver to the satisfaction of the Plan Administrator at the time of the election and the Plan Administrator agreed with this fact and accepted the Designation with respect to this alleged spouse.

30. Melissa A. Lockwood was unable to be located to sign the spousal waiver and was missing on or about February 1, 2007.

31. Melissa A. Lockwood had agreed to sign the spousal waiver and any other papers requested by Michael John Allegrino for estate planning purposes and beneficiary designations prior to October 7, 2007.

32. There is no legal marriage which would be recognized under any jurisdictions law between the Decedent, Michael John Allegrino, and Melissa A. Lockwood. Any alleged marriage between the parties on October 7, 2006, is void.

33. Upon information and belief, a copy of a marriage certificate is attached as Exhibit D which indicates a marriage between Melissa A. Lockwood and Jason A. Kauzlarich on February 25, 2005. This marriage would predate any marriage to Michael John Allegrino in 2006. Upon information and belief, there was no divorce in any jurisdiction prior to October 7, 2006, or at any other time between Melissa A. Lockwood and Jason A. Kauzlarich.

34. An Affirmation from Attorney Vincent Geraci is attached as Exhibit C which states Melissa A. Lockwood consulted him for a divorce from an individual named Jason A. Kauzlarich, her spouse, on or about 2005. Plaintiff was present at this meeting as a third party and no privilege applies to this meeting.

35. Upon information and belief, the pension plan at Defendant Fidelity Investments is managed by Defendant Fidelity Investments, Defendant

Fidelity Investments Institutional Services Company, Defendant Fidelity Investments Institutional Operations Company, and Defendant Fidelity Management & Research Company.

36. Defendant Fidelity Investments negligently processed the notice attached as Exhibit A and Exhibit B and the turning over of pension funds to Plaintiff and did not turn over such funds after demand by Plaintiff causing damage to Plaintiff.

37. Defendant Fidelity Investments Institutional Services Company negligently processed the notice attached as Exhibit A and Exhibit B and the turning over of pension funds to Plaintiff and did not turn over such funds after demand by Plaintiff causing damage to Plaintiff.

38. Defendant Fidelity Investments Institutional Operations Company negligently processed the notice attached as Exhibit A and Exhibit B and the turning over of pension funds to Plaintiff and did not turn over such funds after demand by Plaintiff causing damage to Plaintiff.

39. Defendant Fidelity Investments Management & Research Company negligently processed the notices attached as Exhibit A and Exhibit B and the turning over of pension funds to Plaintiff and did not turn over such funds after demand by Plaintiff causing damage to Plaintiff.

40. Defendant Texas Children's Hospital negligently processed the notices attached as Exhibit A and Exhibit B and the turning over of pension funds to Plaintiff and did not turn over such funds after demand by Plaintiff causing damage to Plaintiff.

41. Defendant Texas Children's Hospital Match Plan negligently processed the notices attached as Exhibit A and Exhibit B and the turning over of pension funds to Plaintiff and did not turn over such funds after demand by Plaintiff causing damage to Plaintiff.

42. Defendant Texas Children's Hospital Pension Plan negligently processed the notices attached as Exhibit A and Exhibit B and the turning over of pension funds to Plaintiff and did not turn over such funds after demand by Plaintiff causing damage to Plaintiff.

43. Defendant Texas Children's Hospital directly provides a survivor annuity which is a component of the pension plan benefits in addition to the pension plan held at Defendant Fidelity Investments and which benefit is payable to Plaintiff at this time as a result of the death of Michael John Allegrino, Plaintiff's brother.

44. Upon information and belief, Defendant Texas Children's Hospital operates a 401k/403B plan through Texas Children's Hospital Match Plan in which

my brother, Michael John Allegrino, the Decedent, was a participant and for which a benefit is now payable to Plaintiff.

45. Upon information and belief, Defendant Texas Children's Hospital operates its survivor annuity plan/pension plan through Texas Children's Hospital Pension Plan in which my brother, Michael John Allegrino, the Decedent, was a participant and for which a benefit is now payable to Plaintiff.

46. On or before January 6, 2009, Plaintiff made an ERISA demand from Defendant Texas Children's Hospital and Defendant Fidelity Investments.

47. Neither Defendant Texas Children's Hospital (See Exhibit E) nor Defendant Fidelity Investments provided a single sheet of paper or any ERISA materials demanded or otherwise for Plaintiff's Claim as a result of Plaintiff's ERISA demand on or before January 6, 2009.

48. On April 3, 2009, Plaintiff made a second ERISA demand from Defendant Texas Children's Hospital. This Demand is attached as Exhibit E.

49. Defendant Texas Children's Hospital has not provided a single sheet of paper or any ERISA materials demanded or otherwise for Plaintiff's Claim as a result of Plaintiff's ERISA demand on April 3, 2009. See Exhibit E.

WHEREFORE, PLAINTIFF PRAYS THAT THE COURT ENTER JUDGMENT AS FOLLOWS:

10

A. Declaring that Anthony J. Allegrino II is the sole beneficiary of all pension benefits payable from Texas Children's Hospital and Fidelity Investments; and

B. Declaring that Anthony J. Allegrino II be paid forthwith by Texas Children's Hospital and Fidelity Investments; and

C. Awarding Anthony J. Allegrino damages pursuant to 29 USC § 1132(c) for refusing to turn over ERISA materials within 30 days after demand; and

D. Awarding Anthony J. Allegrino II his reasonable costs in this Action; and

E. Awarding Anthony J. Allegrino II such additional relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 9th , 2009

Anthony J. Allegrino II, Pro Se

Anthony J. Allegrino II
610 Broadway, Suite 1, #177
Newburgh, NY 12550
Direct Dial: 914-830-7513

11

Verification


I, Anthony J. Allegrino II, hereby state that the above statements contained in this Complaint are true to the best of my knowledge and belief under penalty of perjury under the laws of the State of Pennyslvania and the United States of America.

Dated: June 8ᵗʰ, 2009

Anthony J. Allegrino II, Plaintiff

12

# Ex. A



# LAW OFFICES OF ANTHONY J. ALLEGRINO II

### 7825 FAY AVENUE, SUITE 200

### LA JOLLA, CALIFORNIA 92037

November 3, 2006

Texas Childrens Hospital

Attn: Employee benefits

6621 Fannin Street

Houston, Texas 77030

Dear Benefits Administrator:

Please find enclosed a Change of Beneficiary for Fidelity Retirement Account for Michael John Allegrino, an Empoloyee with Texas Childrens Hospital, 6621 Fannin Street, Houston, Texas, who has Retirement Account through your Hospital.

If you have any questions, please feel free to contact me at 914-424-2419 or by email at aja2beverlyhills@yahoo.com.

Yours truly,

Anthony J. Allegrino II, Esq.

Enclosures:    Change of Beneficiary for Fidelity Retirement Account

*(Pension Plan)*

*Change of Beneficiary to Anthony J. Allegrino II*

*For Fidelity Retirement Account for Michael John Allegrino*

PLEASE TAKE NOTICE that MICHAEL JOHN ALLEGRINO, whose date of birth is September 6, 1970; and whose Social Security Number is 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; and whose current address is 7711 Trail Hollow, Missouri City, Texas; and who is currently single, hereby declares the sole beneficiary of his Employer's Pension Plan (Texas Children's Hospital) and Fidelity Retirement Account (401K), Account Number 090669045 (or other identifying number if redesignated by Fidelity or the Employer), provided through Texas Children's Hospital, 6621 Fannin Street, Houston, Texas, and held at Fidelity to be ANTHONY JOSEPH ALLEGRINO II, his brother, whose date of birth is September 18, 1968; and whose address is 7825 Fay Avenue, Suite 200, La Jolla, California. This Amendment effectively revokes any and all previously declared beneficiary(ies) of said Pension Plan and Fidelity Retirement Account (401K).

Dated:    ___10/1__, 2006

_____

MICHAEL JOHN ALLEGRINO

Proof of Service

I, Vincent M. Cracolici, do hereby state:

1. I am not a party to this Transaction; and
2. I am over the age of 18 years of age; and
3. My address is 16 Nott Place, Newburgh, New York;
4. On November 3, 2006, I served the following Document(s);

    A. Change of Beneficiary to Anthony J. Allegrino II for Fidelity Retirement Account for Michael John Allegrino; and
    B. Letter from Law Offices of Anthony J. Allegrino II

By enclosing the above referenced Document(s) in an envelope with first class postage prepaid and then subsequently placing this envelope for collection in a depository exclusively controlled by the United States Postal Service which envelope was addressed as follows:

Texas Childrens Hospital

Attn: Employee Benefits

6621 Fannin Street

Houston, Texas 77030

I, Vincent M. Cracolici, do hereby state under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing and above statements are true to the best of my knowledge and belief.

Dated: November 3, 2006

Vincent M. Cracolici

# LAW OFFICES OF ANTHONY J. ALLEGRINO II

## 7825 FAY AVENUE, SUITE 200

## LA JOLLA, CALIFORNIA 92037

November 3, 2006

Fidelity Investments

Attn: Retirement Account Changes

PO Box 770001

Cincinatti, Ohio 45277

Dear Account Adminstrator:

Please find enclosed a Change of Beneficiary for Fidelity Retirement Account for Michael John Allegrino, an Empoloyee with Texas Childrens Hospital, 6621 Fannin Street, Houston, Texas, who has Retirement Account through your Hospital.

If you have any questions, please feel free to contact me at 914-424-2419 or by email at aja2beverlyhills@yahoo.com.

Yours truly,

Anthony J. Allegrino II, Esq.

Enclosures:    Change of Beneficiary for Fidelity Retirement Account

*(Pension Plan)*

*Change of Beneficiary to Anthony J. Allegrino II*

*For Fidelity Retirement Account for Michael John Allegrino*

**PLEASE TAKE NOTICE** that **MICHAEL JOHN ALLEGRINO**, whose date of birth is September 6, 1970; and whose Social Security Number is 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; and whose current address is 7711 Trail Hollow, Missouri City, Texas; and who is currently single, hereby declares the sole beneficiary of his Employer's Pension Plan (Texas Children's Hospital) and Fidelity Retirement Account (401K), Account Number 090669045 (or other identifying number if redesignated by Fidelity or the Employer), provided through Texas Children's Hospital, 6621 Fannin Street, Houston, Texas, and held at Fidelity to be **ANTHONY JOSEPH ALLEGRINO II**, his brother, whose date of birth is September 18, 1968; and whose address is 7825 Fay Avenue, Suite 200, La Jolla, California. This Amendment effectively revokes any and all previously declared beneficiary(ies) of said Pension Plan and Fidelity Retirement Account (401K).

Dated: _10/1_, 2006

_____

**MICHAEL JOHN ALLEGRINO**

Proof of Service

I, Vincent M. Cracolici, do hereby state:

1. I am not a party to this Transaction; and
2. I am over the age of 18 years of age; and
3. My address is 16 Nott Place, Newburgh, New York;
4. On November 3, 2006, I served the following Document(s);

    A. Change of Beneficiary to Anthony J. Allegrino II for Fidelity Retirement Account for Michael John Allegrino; and
    B. Letter from Law Offices of Anthony J. Allegrino II.

By enclosing the above referenced Document(s) in an envelope with first class postage prepaid and then subsequently placing this envelope for collection in a depository exclusively controlled by the United States Postal Service which envelope was addressed as follows:

Fidelity Investments

Attn:   Retirement Account Changes

PO Box 770001

Cincinatti, Ohio 45277

I, Vincent M. Cracolici, do hereby state under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing and above statements are true to the best of my knowledge and belief.

Dated: November 3, 2006

Vincent M. Cracolici

Ex. B

# LAW OFFICE OF ANTHONY J ALLEGRINO II

## 7825 FAY AVENUE, SUITE 200

## LA JOLLA, CALIFORNIA 92037

February 18, 2007

Texas Children's Hospital

Attn: Employee Benefits Administrator

6621 Fannin Street

Houston, Texas 77030

Re: Employee #090669045, Updated Beneficiary Information

Dear Benefits Administrator:

Please find enclosed a change of beneficiary designation for any and all Pension Benefits and the 401K/403B Fidelity Retirement Account for Michael John Allegrino, Employee #090669045.

Furthermore, Mr. Michael John Allegrino is unable to locate his spouse, Melissa Allegrino, to execute a spousal waiver at the time of this election and has duly notified you of this fact.

Consent of his spouse is not required if the spouse can not be located at the time of the election pursuant to 29 USC 1055 § (c)(2)(B) and you, the Plan Administrator, agree the spouse can not be located at the time of the election.

If I do not hear from you otherwise within 30 days from the date of this Letter, then I will presume that you accept this fact and accept the election as permitted by law under 29 USC § 1055 (c)(2)(B).

If you have any questions, please feel free to contact me at 914-434-2419 or by email at
aja2beverlyhills@yahoo.com.


                                        Yours truly,


                                        Anthony J. Allegrino II, Esq.


Enclosures:

*Designation of Beneficiary and Consent of Beneficiary by Spouse to Anthony J. Allegrino II For*
*Fidelity Retirement Account (401K/403B And Pension Benefits And Preretirement Survivor*
*Annuity, and  Spousal Consent to Distribution Under Designation As Per Plan Participant*
*Spouse*

*(Pension Plan)*

*Designation of Beneficiary and Consent of Beneficiary by Spouse to Anthony J. Allegrino II*

*For Fidelity Retirement Account (401K/403B)*

*And Pension Benefits And Preretirement Survivor Annuity*

PLEASE TAKE NOTICE that MICHAEL JOHN ALLEGRINO, whose date of birth is September 6, 1970, and whose Social Security Number is 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; and whose current address is 7711 Trail Hollow, Missouri City, Texas; and who is married; hereby declares the sole beneficiary of his Employer's Pension Plan (Texas Children's Hospital), including any preretirement survivor annuity, and Fidelity Retirement Account (401K/403B), Account Number 090669045 (or other number if redesignated by Fidelity or the Employer), provided through Texas Children's Hospital, 6621 Fannin Street, Houston, Texas, and which Brokerage Account referenced within is held at Fidelity to be ANTHONY JOSEPH ALLEGRINO II, his brother, whose date of birth is September 18, 1968; and whose address is 7825 Fay Avenue, La Jolla, California. This Amendment effectively revokes any and all previously declared beneficiaries of said Pension Plan or Fidelity Retirement Account (401K/403B).

Dated: February /, 2007

_____
Michael John Allegrino

*Spousal Consent to Distribution Under Designation As Per Plan Participant Spouse*

I hereby certify to the Plan Administrator/Representative that *I am unable to locate my spouse, Melissa Allegrino, at the time of this election,* after diligent search and the use of at least one commercial search service under penalty of perjury under the laws of the State of Texas and the United States of America.

Wherefore, this election should be honored and accepted as a valid "consent" by my spouse under the provisions for such consent specified in 29 USC § 1055 (c)(2)(B).

Dated: February /, 2007

_____
Michael John Allegrino

Proof of Service

I, Vincent M. Cracolici, do hereby state:

1. I am not a party to this Transaction; and
2. I am over the age of 18 years of age; and
3. My address is 16 Nott Place, Newburgh, New York;
4. On February 18, 2007, I served the following Document(s);

*Designation of Beneficiary and Consent of Beneficiary by Spouse to Anthony J Allegrino II For Fidelity Retirement Account (401K/403B) and Pension Benefits and Preretirement Survivor Annuity; and*

*Spousal Consent to Distribution under Designation as Per Plan Participant Spouse; and*

*Letter from Law Offices of Anthony J Allegrino II.*

By enclosing the above referenced Document(s) in an envelope with first class postage prepaid and then subsequently placing this envelope for collection in a depository exclusively controlled by the United States Postal Service which envelope was addressed as follows:

Texas Children's Hospital

Attn: Employee Benefits Administrator

6621 Fannin Street

Houston, Texas 77030

I, Vincent M. Cracolici, do hereby state under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing and above statements are true to the best of my knowledge and belief.

Dated: February 18, 2007

Vincent M. Cracolici

# LAW OFFICES OF ANTHONY J. ALLEGRINO II

## 7825 FAY AVENUE, SUITE 200

## LA JOLLA, CALIFORNIA 92037

February 18, 2007

Fidelity Investments

Attn: Retirement Account Changes

P.O. Box 770001

Cincinatti, Ohio 45277

RE: Account #090669045, Updated Beneficiary Information

Dear Account Administrator:

Please find enclosed a change of beneficiary designation for Fidelity Retirement Account for Michael John Allegrino.

Mr. Allegrino has a 401K/403B Account through Texas Childrens Hospital, 6621 Fannin Street, Houston, Texas.

If you have any questions, please feel free to contact me at 914-424-2419 or by e-mail at aja2beverlyhills@yahoo.com.

Yours truly,

Anthony J. Allegrino II, Esq.

Enclosures:

*Designation of Beneficiary and Consent of Beneficiary by Spouse to Anthony J Allegrino II For Fidelity Retirement Account (401K/403B) and Pension Benefits and Preretirement Survivor Annuity; and*

*Spousal Consent to Distribution under Designation as Per Plan Participant Spouse; and*

*(Pension Plan)*

*Designation of Beneficiary and Consent of Beneficiary by Spouse to Anthony J. Allegrino II*

*For Fidelity Retirement Account (401K/403B)*

*And Pension Benefits And Preretirement Survivor Annuity*

PLEASE TAKE NOTICE that MICHAEL JOHN ALLEGRINO, whose date of birth is
September 6, 1970, and whose Social Security Number is 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; and whose current
address is 7711 Trail Hollow, Missouri City, Texas; and who is married; hereby declares the sole
beneficiary of his Employer's Pension Plan (Texas Children's Hospital), including any
preretirement survivor annuity, and Fidelity Retirement Account (401K/403B), Account Number
090669045 (or other number if redesignated by Fidelity or the Employer), provided through
Texas Children's Hospital, 6621 Fannin Street, Houston, Texas, and which Brokerage Account
referenced within is held at Fidelity to be ANTHONY JOSEPH ALLEGRINO II, his brother,
whose date of birth is September 18, 1968; and whose address is 7825 Fay Avenue, La Jolla,
California. This Amendment effectively revokes any and all previously declared beneficiaries of
said Pension Plan or Fidelity Retirement Account (401K/403B).

Dated: February  /, 2007

_____
Michael John Allegrino

*Spousal Consent to Distribution Under Designation As Per Plan Participant Spouse*

I hereby certify to the Plan Administrator/Representative that *I am unable to locate my spouse,
Melissa Allegrino, at the time of this election,* after diligent search and the use of at least one
commercial search service under penalty of perjury under the laws of the State of Texas and the
United States of America.

Wherefore, this election should be honored and accepted as a valid "consent" by my spouse
under the provisions for  such consent specified in 29 USC § 1055 (c)(2)(B).

Dated: February  /, 2007

_____
Michael John Allegrino

Proof of Service

I, Vincent M. Cracolici, do hereby state:

1. I am not a party to this Transaction; and
2. I am over the age of 18 years of age; and
3. My address is 16 Nott Place, Newburgh, New York;
4. On February 18, 2007, I served the following Document(s);

*Designation of Beneficiary and Consent of Beneficiary by Spouse to Anthony J Allegrino II For Fidelity Retirement Account (401K/403B) and Pension Benefits and Preretirement Survivor Annuity; and*

*Spousal Consent to Distribution under Designation as Per Plan Participant Spouse; and*

*Letter from Law Offices of Anthony J Allegrino II.*

By enclosing the above referenced Document(s) in an envelope with first class postage prepaid and then subsequently placing this envelope for collection in a depository exclusively controlled by the United States Postal Service which envelope was addressed as follows:

Fidelity Investments

Attn: Retirement Account Changes

PO Box 770001

Cincinatti, Ohio 45277

I, Vincent M. Cracolici, do hereby state under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing and above statements are true to the best of my knowledge and belief.

Dated: February  / 8 , 2007

Vincent M. Cracolici

Ex. C

## Affirmation of Vincent Geraci

1. Up to my retirement in 2007, I was an Attorney duly licensed to practice law in the State of New York. I am still admitted to the Courts in this State; and
2. My Office was previously located at 8 Mill Street, Newburgh, New York; and
3. I am currently retired from the practice of law; and
4. I am not a party to this Action; and
5. On or about December 2005, Melissa A. Lockwood inquired about obtaining a divorce from my Office; and
6. On or about December 2005, upon information and belief, Mrs. Melissa Lockwood was in Newburgh, New York visiting with Mr. Michael Allegrino's parents; and
7. Mrs. Mellisa A. Lockwood stated to me she had lived in the State of Kansas as husband and wife prior to December 2005 with Jason Kauzlarich; and
8. Mrs. Melissa A. Lockwood stated to me she had also lived in the State of Texas as husband and wife prior to December 2005 with Jason Kauzlarich; and
9. I advised Mrs. Melissa A. Lockwood that she would need to meet the residency requirement in the State of New York at that time for a New York divorce; and
10. I further advised Mrs. Melissa A. Lockwood about the prospect of obtaining a Mexican divorce; and
11. Melissa A. Lockwood stated to me the reason for the divorce was her intended marriage to Michael John Allegrino in 2006; and
12. On or about December 2005, I also spoke with Jason Kauzlarich by telephone in Kansas who confirmed to me that Melissa A Lockwood of Houston, Texas was his wife; and
13. On or about December 2005, Jason Kauzlarich also confirmed to me by telephone that he resided in Kansas with Melissa A. Lockwood; and
14. On or about December 2005, Jason Kauzlarich also confirmed to me by telephone that he resided in Texas with Melissa A.Lockwood; and
15. On or about December 2005, Jason Kauzlarich stated to me he did not want a divorce from his wife, Melissa A. Lockwood.
16. I was never subsequently retained by either Mrs. Melissa A. Lockwood or Jason Kauzlarich for the divorce.

I, Vincent Geraci, hereby affirm that the above statements are true to the best of my knowledge and belief under penalty of perjury under the laws of the State of New York and the United States of America.

Dated: May 16, 2009

Newburgh, New York

_____
Vincent Geraci

Ex. D

# State of Louisiana, Parish of St. Tammany

## 22nd Judicial District Court

### No: 033892 S

To Anyone Authorized by Louisiana Law:

You are hereby empowered and authorized to unite in holy wedlock

**JASON ANTHONY KAUZLARICH and MELISSA ANN LOCKWOOD**

and when you have done so, you return a duplicate hereof to this office as the law directs;

Given under the hand and seal of Malise Prieto, Clerk of Court, this 14th day of February 2005

By: _____ Dy Clerk

This is to certify, that on this _25th_ day of _FEBRUARY_ 200_5_

I, the undersigned, have, under the above License, joined together in holy wedlock

_JASON ANTHONY KAUZLARICH_ and _MELISSA ANN LOCKWOOD_

License Expires 30 Days From Date

In the presence of the undersigned

Witnesses

_____
SIGNATURE OF GROOM

_____
SIGNATURE OF BRIDE

_____
SIGNATURE AND TITLE OF OFFICIANT



Exhibit E

610 Broadway, #177

Newburgh, NY 12550

January 6, 2009

*I received a copy of this 4-3-09* B

Texas Childrens Hospital

Attn: Benefit Plan Administrator

6621 Fannin Street

Houston, Texas 77030

Dear Plan Administrator:

As I am a Beneficiary under your Plan, and my brother, Michael Allegrino, was your employee, who was deceased while in your employ on December 18, 2008, please provide me with a copy of the following materials:

1. A copy of the Plan Document;
2. A copy of any Plan descriptions;
3. Any insurance agreements, policies, or amendments and any third party service agreements;
4. Any brochures, benefit statements, or individual certificates that have been distributed to participants;
5. A summary of all benefits paid to the participant and a written breakdown of all benefits that may be due and owing;
6. Any benefit formula, calculation, procedure, worksheet, or similar document setting forth the manner in which eligibility for benefits are determined; and
7. Any other documents under which the Plan is administered.

Please forward the above materials to:

Anthony J Allegrino

610 Broadway, #177

Newburgh, NY 12550

If you have an questions, my telephone number is 914-830-7513.

Yours truly,

Anthony J Allegrino

**FedEx** **US Airbill**
Express

FedEx Tracking Number  8681 3983 8886

Sender's Copy

**From** Please print and press hard.

Date  1-6-09

Sender's FedEx Account Number    SENDER'S FEDEX ACCOUNT NUMBER ONLY

Sender's Name  Anthony J Allegrino II    Phone  914, 830 7513

Company

Address  610 Broadway #177    Dept./Floor/Suite/Room

City  Newburgh    State  NY    ZIP  12550

**Your Internal Billing Reference**
First 24 characters will appear on invoice.    OPTIONAL

**To**
Recipient's Name  Texas Childrens Hosp.    Phone  832, 824 1000

Company  Attn: Tyra Lee - Employee Benefits

Recipient's Address  6621 Fannin Street    Dept./Floor/Suite/Room

Address
To request package be held at a specific FedEx location, print FedEx address here.

City  Houston    State  Texas    ZIP  77030

**4a Express Package Service**    Packages up to 150 lbs.
☐ FedEx Priority Overnight
☑ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service**    Packages over 150 lbs.
☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**
☑ FedEx Envelope*    ☐ FedEx Pak*    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

**6 Special Handling**    Include FedEx address in Section 3.
☐ SATURDAY Delivery NOT Available for
☐ HOLD Weekday at FedEx Location NOT Available for
☐ HOLD Saturday at FedEx Location Available ONLY for

Does this shipment contain dangerous goods?
☑ No    ☐ Yes As per attached Shipper's Declaration    ☐ Yes Shipper's Declaration not required    ☐ Dry Ice Dry Ice, 9, UN 1845    ☐ Cargo Aircraft Only

**7 Payment** Bill to:
☐ Sender    ☐ Recipient    ☐ Third Party    ☑ Credit Card    ☐ Cash/Check

**Total Packages**    **Total Weight**    **Total Declared Value†**
$ .00

**8 Residential Delivery Signature Options** If you require a signature, check Direct or Indirect.
☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

520